# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL E. BOHNERT, an individual,<br><br>　　　Plaintiff,<br><br>　　　　　v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1- 10, inclusive,<br><br>　　　Defendants. | 2:25-cv-08186-DSF-BFM<br><br>Order DENYING Plaintiff's Motion to Remand (Dkt. 15) |

　　　Defendant General Motors LLC (GM) removed this lemon law case on the basis of diversity jurisdiction.  Dkt. 1 (NOR).  Plaintiff Michael E. Bohnert moves to remand.  Dkt. 15 (Mot.).  The Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; Local Rule 7-15.  The hearing set for December 8, 2025 is removed from the Court's calendar.  Bohnert's motion is DENIED.

## I. Legal Standard

　　　"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  A defendant may remove an action to federal court if the federal court could exercise subject matter jurisdiction over the action.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction";

"[t]he defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).

A.  **Timeliness of the Notice of Removal**

Generally, a defendant must file a notice of removal within 30 days of receiving the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Section 1446(b)(3) provides an exception: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." "[A]ny document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 886 (9th Cir. 2010).

As a result, the "thirty day time period [for removal] . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction." Rea v. Michaels Stores Inc., 742 F.3d 1234, 1237-38 (9th Cir. 2014) (per curiam) (alteration in original) (quoting Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 691-92 (9th Cir. 2005)). But "as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." Id.

For the "initial pleading" under § 1446(b)(1), "notice of removability" is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Bankers Life, 425 F.3d at 694. For "an amended pleading, motion, order or other paper" under § 1446(b)(3), such paper must "make[] a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021).

### B. Facial and Factual Challenges to Removal

A "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014).

The "plaintiff can contest the amount in controversy by making either a 'facial' or 'factual' attack on the defendant's jurisdictional allegations." Harris v. KM Indus., Inc., 980 F.3d 694, 699 (9th Cir. 2020). "A 'facial' attack accepts the truth of the [defendant's] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted) (quoting Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014)). "For a facial attack, the court, accepting the allegations as true and drawing all reasonable inferences in the defendant's favor, 'determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction.'" Id. (quoting Leite, 749 F.3d at 1121).

"A factual attack, by contrast, 'contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings.'" Id. (quoting Leite, 749 F.3d at 1121). "When a factual attack is mounted, the responding party 'must support her jurisdictional allegations with "competent proof" . . . under the same evidentiary standard that governs in the summary judgment context.'" Id. (alteration in original) (quoting Leite, 749 F.3d at 1121).

## II. Discussion

### A. Timeliness of the Notice of Removal

Bohnert argues that GM's notice of removal was untimely because: (1) he explicitly alleged a federal Magnuson-Moss Warranty Act (MMWA) claim in his complaint, providing the basis for federal

3

question jurisdiction, Mot. at 5-6; and (2) the amount in controversy was ascertainable on the face of his complaint, id. at 6-9.[1]

While the MMWA does provide a federal cause of action, the "statute precludes federal jurisdiction . . . if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]" Shoner v. Carrier Corp. 30 F.4th 1144, 1147 (9th Cir. 2022) (quoting 15 U.S.C. § 2310(d)(3)). Consequently, merely alleging a claim under the MMWA is not enough to establish subject matter jurisdiction; the "initial pleading" must also "reveal[] on its face" the $50,000 amount-in-controversy jurisdictional requirement. See Rea, 742 F.3d at 1237-38 (quoting Bankers Life, 425 F.3d at 691-92).

Bohnert concedes that his "state court complaint does not allege a specific dollar amount in controversy." Mot. at 6. Instead, Bohnert argues that his allegations regarding the "make, model, year, and VIN" of the vehicle underlying his claims, as well as the "sources of information" that were "readily available" to GM, sufficed to give GM "a rudimentary understanding or ability to ascertain an approximation" of the market value of the vehicle and hence "sufficient information to plausibly determine the amount in controversy." Id. at 7-8. Sources of information extrinsic to the "four corners" of the complaint, however, do not provide "notice of removability." Bankers Life, 425 F.3d at 694.

---

[1] Bohnert claims that he "produced to Defendant and Defendant's counsel a copy of the Subject Vehicles [sic] Sales Agreement and all repair orders in January 2025." Mot. at 1. For the first time on reply, Bohnert argues that these documents "supplied every data point necessary to calculate the amount in controversy and determine removability." Dkt. 22 (Reply) at 1. But the documents produced in January 2025 precede the filing of the complaint on February 13, 2025, Dkt. 1-1 at 3, and therefore "cannot trigger the second thirty-day removal period" under § 1446(b)(3). Carvalho, 629 F.3d at 886.

4

And GM is not required to make use of its "subjective knowledge" or "make further inquiry." Id.[2]

Bohnert also argues that GM had notice of the amount in controversy because his complaint's "accompanying Civil Case Cover Sheet[] expressly indicated that the claim was being brought under the state court's unlimited jurisdiction (seeking damages above $35,000.00)," meaning that his "actual damages are at a minimum $35,000.00," and that he is "entitled to 2x Plaintiff's actual damages as well as attorneys' fees." Mot. at 8 & n.1.

First, the Civil Case Cover Sheet is not an "initial pleading" under § 1446(b)(1). Cf. Carvalho, 629 F.3d at 885 (distinguishing the civil cover sheet from the "initial pleading" under § 1446(b)(1), and assuming without deciding that it was an "other paper" under § 1446(b)(3)). Second, even if the Civil Case Cover Sheet constitutes an "other paper" under § 1446(b)(3), contrary to Bohnert's representation, the cover sheet merely states that the "[a]mount demanded exceeds $35,000," dkt. 1-1 at 4, not that the amount in controversy exceeds $50,000. Cf. Carvalho, 629 F.3d at 886 (concluding that the civil cover sheet was insufficient to allow the defendant to calculate the amount in controversy).

Because the amount in controversy is also a prerequisite for diversity jurisdiction under 28 U.S.C. § 1332(a), Bohnert's initial pleading did not "affirmatively reveal[] on its face the facts necessary for federal court jurisdiction" under the MMWA or under § 1332(a) for diversity jurisdiction. Rea, 742 F.3d at 1237-38 (quoting Bankers Life, 425 F.3d at 691-92). Bohnert's initial pleading therefore did not trigger

---

[2] Bohnert argues that because GM's notice of removal was "simply required to provide a plausible allegation" of removability, the information within GM's possession was sufficient for GM to allege the amount in controversy. Mot. at 7. But that confuses the standard for pleading a notice of removal with the statutory requirements for timeliness of removal.

5

the 30-day time period for removal under 28 U.S.C. § 1446(b). The Court finds that GM's notice of removal was timely.

## B.   Subject-Matter Jurisdiction

Bohnert attacks GM's alleged amount-in-controversy, but his challenges are merely facial. Bohnert argues that (1) GM "estimates the vehicle's value" without "produc[ing] any evidence"; (2) civil penalties calculations based on such estimates are "conjectural"; and (3) GM's attorneys' fees projections are "speculation." Mot. at 9-11; see also Reply at 2 ("Defendant offers no competent evidence quantifying damages, penalties, or fees.").

But on such facial challenges, GM need not "support jurisdictional allegations with proof." NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016); cf. Acad. of Country Music v. Cont'l Cas. Co., 991 F.3d 1059, 1069 (9th Cir. 2021) ("[T]he district court erred as a matter of law in requiring that the notice of removal 'prove' subject matter jurisdiction."). And, with respect to facial challenges, the Court accepts GM's jurisdictional allegations as true. Salter, 974 F.3d at 964.

Nevertheless, the Court has an "independent obligation to determine whether subject-matter jurisdiction exists[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); see Fed. R. Civ. P. 12(h)(3). To properly invoke diversity jurisdiction in its notice for removal, GM must have plausibly alleged that there exists complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

First, the Court finds that GM plausibly alleges complete diversity. A natural person is a citizen of the state "where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). A corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).

6

Two parties remain in this action: Bohnert and GM. Dkt. 1-1 at 26 (First Amended Complaint ¶¶ 1-4). In its notice of removal, GM cites Bohnert's complaint allegation that he is a resident of San Mateo County in California. NOR at 3. GM further alleges that Bohnert "resided in California when he purchased the subject vehicle, and on other occasions, establishing a plausible basis for intent to remain in California." Id. Bohnert does not contest that he is a citizen of California. With respect to GM itself, GM alleges that (1) it is a limited liability company "with its principal place of business in Michigan"; (2) "GM's sole member is General Motors Holdings LLC," which is "a Delaware LLC with its principal place of business in Michigan"; and (3) "General Motors Holdings LLC's sole member is General Motors Company," which is "a Delaware Corporation with its principal place of business in Michigan." Id. Because GM plausibly alleges Bohnert is a citizen of California and GM is a citizen of Delaware and Michigan, there is complete diversity between the parties.

Second, the Court finds that GM plausibly alleges an amount in controversy exceeding $75,000. To determine the amount in controversy, GM summed its estimate of Bohnert's actual damages, civil penalties, and attorneys' fees. NOR at 4-6; Dkt. 21-1 (Corrected Opp'n) at 18-20. With respect to actual damages, GM alleges it estimated the purchase price of the subject vehicle underlying Bohnert's complaint to be $77,999.24, from which it subtracted $2,373.99 "in total deductions including estimates of statutorily required deductions for mileage offset, third-party service contracts, manufacturer's rebate, and negative equity." NOR at 5. This yielded an estimate of actual damages of $75,625.25. Id.

In its opposition, GM further refined its calculations, noting that Bohnert had made $40,799.31 in total payments over the term of his lease of the subject vehicle before exercising the purchase option for $42,900.32. Corrected Opp'n at 19. GM revised its estimated mileage offset, finding it to be $6,353.69, and "identified other offsets for optional third-party contracts and rebates amounting to a total of $1,295.00." Id. Subtracting these offsets from the amount Bohnert had

7

paid for the subject vehicle yielded GM's estimate of actual damages: $76,050.94. Id.

The Court finds that GM plausibly alleges that the estimated actual damages alone exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction.[3] 28 U.S.C. § 1332(a). The Court therefore concludes that it has diversity jurisdiction under § 1332(a).

### III. Conclusion

For the forgoing reasons, Bohnert's motion to remand is DENIED.

IT IS SO ORDERED.

Date: December 4, 2025

Dale S. Fischer
United States District Judge

---

[3] Because the Court finds that the estimated actual damages alone exceed $75,000, the Court need not address civil penalties and attorneys' fees.